IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:13CR371 |
| v. | |
| DARELL RICHARDS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 63. The defendant seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court invalidated a clause of the Armed Career Criminal Act of 1984 ("ACCA")[1] that defined "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another" as unconstitutionally vague in violation of due process of law. *Id.* at 2557.

The court has reviewed the record and finds *Johnson* has no application to this case. The defendant was charged with and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He entered into a plea agreement acknowledging that the penalty for the violation was zero to ten years. *See* Filing No. 23, Petition to Enter a Plea of Guilty at 4. The record reflects that Richards's sentence was not enhanced under the ACCA, nor did he receive a career offender enhancement under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. *See* Filing No. 38,

---

[1] Under the ACCA, a defendant convicted of being a felon in possession of a firearm faced a mandatory minimum sentence of fifteen years if he had three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B) ("the residual clause").

Memorandum and Order. This court sustained the defendant's objections to the Revised Presentence Investigation Report's conclusion that he was a career offender and its findings that two of his prior convictions were "violent felonies" and could be used to elevate his sentence under the ACCA. *Id.* at 30-36. The court found the defendant's prior convictions for flight to avoid arrest and burglary under Nebraska law did not qualify as ACCA offenses under the clause later invalidated in *Johnson*. *Id.* at 33; *see also* Filing No. 44, Statement of Reasons (sealed) at 1 (stating "[p]ursuant to the Court's findings that the defendant does not qualify as an Armed Career Criminal, the enhancement pursuant to 4B1.4 does not apply"); Filing No. 41, Presentence Investigation Report at 16-17. The government's appeal of that order was dismissed on the government's motion. Filing No. 46, Notice of Appeal; Filing No. 61, Eighth Circuit Court of Appeals Judgment. Because Richards was not sentenced as a career offender, the Supreme Court's holding in *Johnson* does not affect his sentence. Accordingly,

IT IS HEREBY ORDERED that:

1. The defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Filing No. 63) is denied.

2. A judgment in conformity with this Memorandum and Order will issue this date.

DATED this 27th day of May, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge